**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Gladys J., Respondent Below,
Petitioner

**FILED**

**June 3, 2016**

**released at 3:00 p.m.**
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 15-0191 (Cabell County 12-D-598)

Ronnie J., Petitioner Below,
Respondent

**MEMORANDUM DECISION**

Petitioner Gladys J. ("the wife"), by counsel Steven T. Cook, appeals an order from the Circuit Court of Cabell County, West Virginia, entered February 4, 2015, affirming the November 6, 2014, order of the Family Court of Cabell County in this divorce action. Respondent Ronnie J. ("the husband"), by counsel John Proctor, filed a response. Petitioner filed a reply. On appeal, Petitioner argues eighteen assignments of error of which this Court will address only the following four:  1) whether the circuit court erred in affirming the family court's determination that the wife was entitled to only $500 per month permanent spousal support;  2) whether the circuit court erred in affirming the family court's award of child support that was not based upon the husband's gross income at the time of the final hearing;  3) whether the circuit court erred in affirming the family court's award of the dependent children exemptions to the husband; and 4) whether the circuit court erred in affirming the family court's determination that the husband pay the wife's attorney's fees and costs in the amount of only $3,000.[1]

---

[1]We summarily affirm the remaining assignments of error for the following reasons: 1) some of the assigned errors were waived below and not properly preserved before the lower court; 2) some of the alleged errors were repetitive of others that are addressed; 3) most of the alleged errors fail to comport with West Virginia Rule of Appellate Procedure 10(7) as the arguments regarding the errors do not exhibit "clearly the points of fact and law presented, the standard of review applicable, and citing authorities relied on[;] . . ." 4) most of the alleged errors also fail to comport with Rule 10(7) as the arguments fail to contain

(continued...)

1

Upon review of the parties' briefs and arguments, the appendix record, and the pertinent authorities, we affirm the family court and circuit court orders, in part, and reverse, in part, on the aforementioned four grounds only and remand this case to the family court for further proceedings consistent with this memorandum decision. This case does not present a new or significant question of law, and, therefore, it is properly disposed of through this memorandum decision. For the errors that are reversed, the "limited circumstance" requirement of Rule 21(d) of the Rules of Appellate Procedure is satisfied. As for the remaining assigned errors, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21.

On September 12, 1987, the parties were married in Wyoming County, West Virginia.[2] They had three children born of the marriage. In June of 2012, the husband filed for divorce, alleging that the parties last lived together and cohabited as husband and wife in June of 2007. At the time the petition for divorce was filed, the husband was living in Fairfax County, Virginia, where he was employed by CACI, Inc. The husband had worked for that company since January 1, 2008. The wife was residing in Cabell County, West Virginia, when the divorce petition was filed.

The parties were granted a divorce based upon irreconcilable differences by order entered April 15, 2014. Relative to the issues we now address, in a July 17, 2014, order, the family court found that the husband was making $145,250 annually, which was an increase in salary from an earlier temporary order wherein the husband's annual gross income was $132,996. The family court noted that the husband "worked as part-time faculty at various educational institutions but his last such employment ended in May of 2013." The family

---

[1](...continued)
"appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal."

We have repeatedly cautioned attorneys that the record is vitally important to a successful appeal. Moreover, "'[a] skeletal "argument", really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.' *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)[.]" *State, Dep't of Health and Human Res. ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (also citing *Teague v. Bakker*, 35 F.3d 978, 985 n.5 (4th Cir. 1994), *cert. denied* 513 U.S. 1153 (1995); *State v. Honaker*, 193 W.Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994)).

[2]Only the facts relative to the four issues upon which we reverse will be discussed.

court further found that the wife "has chosen not to work but has a Bachelor's degree in Business Management from Concord University and is capable of becoming certified as an Ultrasound Tech." Additionally, the family court found the husband's change in income did not constitute a substantial change for purposes of altering the Child Support Formula and found the wife's claims of additional sources of income attributable to the husband "unsupported by the evidence." Consequently, the family court determined that "[c]hild support shall remain $1640.00 per month." The family court also determined that the husband could claim the children for tax purposes until the wife was gainfully employed. After the wife obtained employment, the family court dealt with the dependent exemptions for the children as follows: "The year after the . . . [wife] becomes employed the Parties shall each claim one child until the eldest child turns 18. After the elder child turns 18, the Parties shall alternate years with the . . . [husband] claiming the child on even years." Finally, in a single sentence, the family court ordered the husband to pay the wife's attorney's fees in the amount of $3,000.

After requesting the family court reconsider its July 14, 2014, which motion was denied, the wife appealed the order to the circuit court. The circuit court remanded the case to the family court, in part, for additional findings of fact on two issues including spousal support.[3] The family court in a November 6, 2014, order found the following regarding spousal support:

1.   The Family Court ordered . . . [the husband] to pay the $1,300 monthly payment for the home at 97 Belmont Drive Huntington, WV[,] until he is able to purchase the home. The contract for purchase requires the . . . [husband] to arrange financing on or before December 31st, 2014. The . . . [husband] shall purchase the home on or before that date and title the home in both his and . . .[the wife's] names as joint-tenants w/survivorship. The Court ordered that regardless of when the home is purchased, the . . . [husband] were [sic] to treat that $1,300 as alimony until December 31st, 2014. The month after the purchase, the Court ordered . . . [the husband] to continue to pay the . . . [wife] the difference between the actual mortgage amount and the $1,300.00 said

---

[3]The other issue in which the circuit court requested additional factual findings concerned dissipation of marital assets. As indicated *supra* in note 1, we are affirming the family and circuit court's rulings on this issue.

difference shall be treated as alimony.

2. The Court ordered . . . [the husband] to continue to pay for the . . . [wife's] and minor children's cell phone bills through December 31st, 2014. These amounts shall also be considered alimony. Also, the Court ordered . . . [the husband] to continue making . . . [the wife's] car payments until it is paid off.

3. And finally, the Court ordered that beginning on July1, 2015, . . . [the husband] shall pay the amount of $500.00 as permanent alimony to the . . . [wife] until further order of this Court.

The family court in the same order then proceeds to mention some of the factors found in West Virginia Code § 48-6-301, despite the statute expressly providing that the "court *shall* consider" the twenty different factors set forth in the statute in determining the amount of spousal support to be ordered. The only real analysis of any of the statutory factors is contained within the following paragraph:

6. The . . . [wife] has a Bachelor's Degree in Business Management from Concord University and is capable of becoming certified as an Ultrasound Tech. The Family Court had instructed . . . [the wife] on numerous occasions to seek employment using her degrees and certifications. The . . . [wife] also stated that she was simply unable or unwilling to seek employment on the record even though the . . .[husband] presented evidence that there were jobs available in her field that would hire and pay for her certification. And while the . . . [wife] has custodial responsibility over the parties' minor children, they are currently 15 and almost 10 years old and go to school full time. Therefore, . . . [the wife] can work during the day while the children are in school and come home in the evenings to be with them as many women do these days in age.

The family court also found that it would be "beneficial" for the wife to become employed so that she could "have the benefit of claiming at least one child on her taxes[,]" and that the spousal support award "maintains the standard of living to which she [the wife] was accustomed prior to the Parties' separation and gives her six months to secure employment."

4

The wife again appealed to the circuit court and by order entered February 4, 2015, the circuit court denied the wife's petition for appeal and affirmed the decision of the family court.

The first issue we address concerns the permanent spousal support award. The wife argues that the family court erred in awarding her only $500 per month in permanent spousal support given the level of fault attributable to the husband and the consideration of all of the twenty factors set forth in West Virginia Code § 48-6-301. The husband argues that there was no error committed in the spousal support award and that "[t]he comments of the Family Court suggest that the greatest fault was Wife's complete unwillingness, during the entire time the divorce was going forward, to make any effort to find work and become self-supporting."

West Virginia Code § 51-2A-14(c) provides that "[t]he circuit court shall review the findings of fact made by the family court judge under the clearly erroneous standard and shall review the application of law to the facts under an abuse of discretion standard." Likewise, we have previously held that

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004). In addition, in family law cases, orders must be sufficient to indicate the factual and legal bases on which the lower courts ruled so as to facilitate meaningful appellate review. *See Province v. Province*, 196 W.Va. 473, 483, 473 S.E.2d 894, 904 (1996). Accordingly, "[w]here the lower tribunals fail to meet this standard–i.e. making only general, conclusory or inexact findings–we must vacate the judgment and remand the case for further findings and development." *Id*.

In the instant case, it is apparent from our review of the appendix record that while the family court and circuit court had no problem assessing fault to the wife for not finding employment after the separation and divorce,[4] there was no real discussion concerning the husband's fault or comparison of the husband's fault with the wife's fault for purposes of determining an appropriate spousal support award. West Virginia Code § 48-8-104 provides

---

[4]The parties had agreed that the wife would not work during the marriage.

that

> [i]n determining whether spousal support is to be awarded, or in determining the amount of spousal support, if any, to be awarded, the court *shall consider and compare the fault or misconduct of either or both of the parties and the effect of the fault or misconduct as a contributing factor to the deterioration of the marital relationship*.

(Emphasis added). Further, we recognized that marital fault was a statutory factor to be examined by the court in determining spousal support in *Hastings v. Hastings*, 201 W. Va. 354, 497 S.E.2d 203 (1997), as follows:

> Indeed, we have even held that evidence of very aggravated marital fault may justify the award of premium fault alimony. In syllabus point four of *Rogers v. Rogers*, 197 W.Va. 365, 475 S.E.2d 457 (1996), for instance, we explained:
>
>> In appropriate circumstances, an enhancement of an award of maintenance/alimony based on the degree of fault is justified. Enhancement of a maintenance/alimony award by a fault premium may be awarded when additional support is required to reimburse the injured spouse for expenses directly related to the fault or to assure that the injured spouse continues to have the standard of living enjoyed during the marriage. A fault premium may also be applied to discourage the fault or behavior that contributed to the dissolution of the marriage. In determining an award of maintenance/alimony enhanced by a fault premium, the circuit court must consider the concrete financial realities of the parties.

*Hastings*, 201 W. Va. at 358-59 n.9, 497 S.E.2d at 207-08 n.9.

In the instant case, there is no indication that the family court properly fulfilled the statutory obligation to consider the parties' fault or misconduct "as a contributing factor to the deterioration of the marital relationship." W. Va. Code § 48-8-104. Rather, the only real analysis of fault involved conduct engaged in by the wife after the date of separation and

divorce in failing to seek employment.

Moreover, West Virginia Code § 48-6-301 provides:

(b) The court *shall consider the following factors in determining the amount of spousal support*, child support or separate maintenance, if any, to be ordered under the provisions of parts 5 [§§ 48-5-601 et seq.] and 6 [§§ 48-6-601 et seq.], article five of this chapter, as a supplement to or in lieu of the separation agreement:
(1) The length of time the parties were married;
(2) The period of time during the marriage when the parties actually lived together as husband and wife;
(3) The present employment income and other recurring earnings of each party from any source;
(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work experience, length of absence from the job market and custodial responsibilities for children;
(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of article seven of this chapter, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support, child support or separate maintenance: Provided, That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;
(6) The ages and the physical, mental and emotional condition of each party;
(7) The educational qualifications of each party;
(8) Whether either party has foregone or postponed economic, education or employment opportunities during the course of the marriage;
(9) The standard of living established during the marriage;
(10) The likelihood that the party seeking spousal support, child support or separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by

7

acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in subdivision (10) above;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because said party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support, child support or separate maintenance.

(Emphasis added). We have recognized that this statute means that the "twenty items must be considered in determining the amount of spousal support to be awarded." *Sloan v. Sloan*, 219 W. Va. 105, 108-09, 632 S.E.2d 45, 48-49 (2006); *accord Mayle v. Mayle*, 229 W. Va. 179, 184-85, 727 S.E.2d 855, 860-61 (2012).

The family court made some findings regarding its decision to award $500 in permanent alimony; however, the findings that it did make are insufficient. Most of the family court's focus was on the wife's failure to seek employment during the divorce proceedings and only lip-service was given to the remaining factors set forth in West Virginia Code § 48-6-301. Moreover, there was no examination of any fault of the husband despite the evidence below, which certainly warranted such an examination. Consequently, we find the family court erred in its award of permanent spousal support award in the amount of $500. The family court failed to properly consider all the statutory factors, failed to consider the husband's earnings of $145,250 per year, with the wife having no attributable income, and failed to consider the husband's fault. *See* W. Va. Code § 48-6-301 and § 48-8-104. We, therefore, reverse and remand the case for further consideration on this issue. Furthermore, in light of our reversal of the permanent spousal support award, we also reverse

8

the child support award[5] and remand for further consideration including all current gross income information from the husband.

Next, we address the issue regarding the dependent children tax exemptions. The wife argues that her right to claim the children is statutory and mandatory absent agreement by her to change the same as she is the custodial parent of the children. The husband argues that the wife fails to allege how she is aggrieved by the family court's ruling regarding the dependent exemptions or how a different allocation would provide her with a tax benefit.

West Virginia Code § 48-13-801 provides:

> Unless otherwise agreed to by the parties, the court shall allocate the right to claim dependent children for income tax purposes to the payee parent except in cases of extended shared parenting. In extended shared parenting cases, these rights shall be allocated between the parties in proportion to their adjusted gross incomes for child support calculations. In a situation where allocation would be of no tax benefit to a party, the court need make no allocation to that party. However, the tax exemptions for the minor child or children should be granted to the payor parent only if the total of the payee parent's income and child support is greater when the exemption is awarded to the payor parent.

Despite the husband's arguments, the family court failed to follow the express provisions of West Virginia Code § 48-13-801 in giving the dependent exemptions to the husband. We do not disagree with the family court's decision to allow the husband to claim the children as dependents for tax purposes because the wife was not employed. The family court's allocation of the dependent exemptions, however, lacks any analysis or factual findings regarding the tax benefits to either party or a finding that "the total of the payee parent's income and child support" is greater when the exemption is awarded to the payor. *See id.* The family court, therefore, erred in failing to follow West Virginia Code § 48-13-801 and we reverse on this issue.

Finally, we address the amount of the wife's attorney's fees the family court

---

[5]The child support award of $1640 per month had been in place since the entry of a temporary order on January 14, 2013, despite the family court being provided with updated gross income amounts for the husband prior to entry of the final orders.

determined that the husband must pay. The family court ordered that the husband pay the wife's attorney's fees in the amount of $3,000. The wife argues that the family court's award was in error as she has $19,310.70 in attorney's fees and costs. Relying upon this Court's decision in *Banker v Banker*, 196 W. Va. 535, 474 S.E.2d 465 (1996), the wife contends that because of the husband's misconduct, the disparity in the parties' income and the fact that she "prevail[ed] on every issue[,]" she should have received a greater award. Conversely, the husband maintains that the attorney's fee award is within the sound discretion of the court and the court did not abuse its discretion.

In *Banker*, this Court held in syllabus point four:

> In divorce actions, an award of attorney's fees rests initially within the sound discretion of the family law master and should not be disturbed on appeal absent an abuse of discretion. In determining whether to award attorney's fees, the family law master should consider a wide array of factors including the party's ability to pay his or her own fee, the beneficial results obtained by the attorney, the parties' respective financial conditions, the effect of the attorney's fees on each party's standard of living, the degree of fault of either party making the divorce action necessary, and the reasonableness of the attorney's fee request.

*Id*. at 538, 474 S.E.2d at 468, Syl. Pt. 4.

The family court devoted an entire sentence in its order addressing the attorney's fees award and failed to articulate any reasoning regarding the award. Therefore, it is impossible to ascertain from the order how the family court arrived at the amount of $3,000 as attorney's fees to be paid by the husband. As such, we find that the family court abused its discretion by failing to consider any of the factors set forth by the Court in *Banker* in arriving at its decision. *Id*. Thus, we reverse and remand for further proceedings regarding the award of attorney's fees.

For the foregoing reasons, we affirm the circuit court, in part, and reverse, in part, and remand the case to the family court for further proceedings consistent with this decision regarding the spousal support award, the child support award, the dependent children tax exemption and the attorney's fee award.

10

**ISSUED:** June 3, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

11